**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EAST BAY LAW,

           Plaintiff,

v.

FORD MOTOR CO.,

           Defendant.

No. C13-2822 TEH

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

      This matter came before the Court on October 21, 2013, on Defendant's motion to dismiss. Having considered the arguments of the parties and the papers submitted, the Court now GRANTS Defendant's motion for the reasons set forth below.

**BACKGROUND**

      Plaintiff East Bay Law ("Plaintiff") alleges that Defendant Ford Motor Co. ("Ford") represented in its marketing brochures that the 2013 Ford Taurus contains an upgrade option for a voice-activated navigation system with a secure digital memory card ("SD card") for maps (the "navigation upgrade"), but in fact none of the vehicles include this feature. Compl. ¶¶ 6, 9. Plaintiff includes as Exhibit A to the complaint, a copy of the 2013 Ford Taurus marketing brochure which lists under "Available Options," a "Voice-activated Navigation System with SD card for map and POI storage." *Id.*, Ex. A. The

1    brochure notes that this option also requires the purchase of either a 201A or 202A
2    Equipment Group package. *Id.*
3          On March 13, 2013, Plaintiff purchased a 2013 Ford Taurus SEL equipped with the
4    Equipment Group 201A package. *Id.* ¶ 4, Ex. A.  The Equipment Group 201A package
5    includes a "voice-activated, in-vehicle connectivity system;" two LCD color displays; an
6    LCD touch screen; and an SD card reader. *Id.*  On March 29, 2013, Plaintiff returned to
7    the same dealership and purchased an SD card containing roadmaps that it intended to use
8    for navigation. *Id.* ¶ 7.  Plaintiff attempted to use the SD card with the SD card reader in
9    its vehicle, but discovered the navigation feature would not work in the vehicle. *Id.*  When
10   Plaintiff took the vehicle to the dealership's service department, it learned that the
11   navigation feature would not work because the vehicle did not have the navigation
12   upgrade. *Id.*  It then inquired with Ford directly and was again told that the navigation
13   upgrade was not installed on its vehicle and allegedly was also told that the upgrade "could
14   not be made to work at all on *any* 2013 Ford Taurus SEL model." *Id.* ¶ 8.
15         Based on the above, Plaintiff alleges that it should have received a navigation
16   upgrade but did not, and that contrary to the descriptions contained in Ford's marketing
17   brochures, the 2013 Ford Taurus SEL model does not include a navigation upgrade.
18   *Id*. ¶ 9.  Pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.
19   Code §§17200 *et seq*. ("UCL"), it seeks injunctive relief in the form of a recall of all 2013
20   Ford Taurus SEL vehicles.
21         Ford moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.
22   Specifically, Ford argues that Plaintiff has not pled a cognizable harm as it only alleges
23   that it purchased the requisite equipment package *for* the upgrade, not that it purchased the
24   navigation upgrade itself; and that in fact Plaintiff did not purchase the upgrade at all.
25   Moreover, Ford contends that Plaintiff fails to allege any independent cause of action, and
26   therefore cannot pursue a claim under the UCL.

**LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a motion to dismiss, courts are generally limited to only those allegations contained within the complaint, however, they may consider exhibits submitted with the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). A court may also consider documents which are "incorporated by reference," that is documents whose contents are alleged in a complaint, or whose contents are necessary to the complaint, and whose authenticity no party questions. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**DISCUSSION**

Plaintiff alleges that the 2013 Ford Taurus SEL model carries an "upgrade option" for a voice-activated navigation system with an SD card for maps. Compl. ¶ 6. The Ford marketing brochure Plaintiff attaches as Exhibit A to its complaint similarly lists the voice-activated navigation system as an "[a]vailable [o]ption" that also requires the additional purchase of one of two specific equipment group packages, 201A or 202A. *Id.*, Ex. A. Plaintiff alleges that it purchased the Equipment Group 201A package – one of the

3

1  required equipment packages for the navigation upgrade. *Id.* ¶ 7. Nowhere in its
2  complaint, however, does Plaintiff claim that it purchased the actual navigation upgrade at
3  issue in this case.

4      Plaintiff does not rebut Ford's argument that it did not purchase the navigation
5  upgrade. Rather, Plaintiff argues that because it purchased the requisite equipment
6  package, which includes an SD card reader, it should be able to simply purchase an SD
7  card of maps and insert it into the reader in order to have a fully functional navigation
8  feature. Pl. Opp. at 2-3. Ford's brochure, however, states that either Equipment Group
9  201A or 202A is required for the navigation upgrade, not that those equipment groups are
10 *all* that is necessary for the upgrade. Compl., Ex. A. Plaintiff also submits as Exhibit B, a
11 photograph of the navigation screen from its vehicle to support its argument that the
12 vehicle should have a navigation feature. Pl. Opp., Ex. B. The image merely confirms that
13 Plaintiff purchased the *equipment* necessary for the navigation upgrade, namely the LCD
14 screen included in Equipment Group 201A, not that Plaintiff purchased the navigation
15 upgrade itself. At argument, Plaintiff contended that it had purchased all the necessary
16 equipment for an upgrade and therefore it should have had the upgrade; again, it did not
17 claim that it had selected and paid for the actual upgrade itself.

18     As Plaintiff fails to allege that it actually purchased the very item it claims it did not
19 receive, Plaintiff has failed to state a claim for relief. Although the absence of such an
20 allegation is sufficient to dismiss the complaint, the Court nevertheless also considers
21 Ford's additional argument that Plaintiff did not in fact purchase the upgrade.

22     Along with its motion to dismiss, Ford submitted an invoice reflecting Plaintiff's
23 purchase of the 2013 Ford Taurus SEL at issue here. Def. Opp. Br., Ex. 1. Although the
24 general rule is that when deciding a motion to dismiss, courts must disregard facts that are
25 not within complaint or attached thereto, courts may take into account documents "whose
26 contents are alleged in a complaint and whose authenticity no party questions, but which
27 are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec.*
28 *Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotation marks and citations omitted)

United States District Court
For the Northern District of California

1  *abrogated on other grounds by South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th
2  Cir. 2008).  Courts have also applied this doctrine, known as "incorporation by reference,"
3  to situations in which the plaintiff's claim "depends on the contents of a document . . .
4  even though the plaintiff does not explicitly allege the contents of that document in the
5  complaint."  *Knievel,* 393 F.3d at 1076 (holding that district court properly considered
6  defendant's submissions of images of entire internet website in evaluating motion to
7  dismiss slander suit premised on a single photograph and caption on that website) (citing
8  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that where plaintiff's
9  claims involved his health insurance plan, the district court properly considered documents
10  attached to a motion to dismiss that described the terms of the health insurance plan)).

11        As Plaintiff's claims necessarily depend on whether it purchased the navigation
12  upgrade it alleges it did not receive, and Plaintiff does not dispute the authenticity of the
13  invoice, the Court relies on the incorporation by reference doctrine to review the invoice
14  submitted by Ford.  The invoice shows that Plaintiff's vehicle included the requisite
15  equipment package, Equipment Group 201A, and that the only other optional upgrade
16  Plaintiff selected was leather seating.  The invoice makes no mention of Plaintiff having
17  purchased the navigation upgrade.

18        As Plaintiff has failed to allege that it purchased the navigation upgrade which it
19  claims it was not given, Plaintiff has failed to state a claim for relief and Plaintiff's
20  complaint is thus dismissed.  Moreover, the dismissal is with prejudice because the invoice
21  shows that Plaintiff did not purchase the upgrade, therefore Plaintiff cannot amend the
22  complaint to cure the deficiency.  *See Thinket Ink Info. Res., Inc. v. Sun Microsystems,*
23  *Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (holding that dismissal without leave to amend is
24  improper, unless it is clear that the complaint cannot be cured by amendment).  Because
25  Plaintiff's complaint must be dismissed on these grounds, the Court declines to address
26  Ford's arguments regarding the UCL pleading requirements.

27
28

**CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is GRANTED, and Plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  11/06/13



_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT